IN RE QUICKLE, AN INFANT.

(No. 1192—Decided March 17, 1961.)

*Mr. C. W. Long*, for petitioner Howard Quickle.

*Mr. Robert L. Balyeat*, prosecuting attorney, for respondents Allen County Child Welfare Board and others.

*Per Curiam.* This petition for a writ of habeas corpus involves an order of commitment included in a journal entry sustaining a demurrer to a complaint filed and ordering "that Polly Ann Quickle remain in the custody of Vivian Kruse, Probation Officer for Juvenile Girls, and of Priscilla Haag, Case Worker for the Allen County Child Welfare Board, pending the ultimate disposition of this case." By stipulation of counsel the entire proceedings in this action are evidenced by five exhibits admitted into evidence. The first of these exhibits is the complaint originally filed in the action in Juvenile Court; the second is a citation issued pursuant to that complaint; the third is a demurrer filed on behalf of the parents of Polly Ann Quickle for the stated reason that the complaint does not "state facts which show a cause of action for delinquency within the purview of Section 2151.02, Revised Code"; the fourth of these exhibits is the order above referred to sustaining the demurrer, and which order also ordered that an amended complaint be filed on or before March 8, 1961; and the last of the exhibits is an amended complaint filed on the same date.

There was no order signed by the court endorsed on the citation issued on the original complaint, or otherwise, where-

by the court ordered that the custody of Polly Ann Quickle be assumed by the court or that anybody take her into immediate custody, or that she be placed in anybody's custody during the pendency of the action on such complaint. There being no such order by the court, and the court thereafter determining that the complaint did not state a cause of action, the complaint was a nullity, and no lawful custody can now be claimed by the Child Welfare Board or any probation officer or case worker based on the original complaint or a citation issued pursuant thereto.

It being stipulated by counsel that the exhibits constitute all the proceedings in the action in the Juvenile Court and it not appearing that any citation has been issued pursuant to the amended complaint or that any order of custody has been made following the filing of the amended complaint, there can be no lawful claim of right of custody in any of such persons based on the amended complaint.

As the order of March 7, 1961, sustaining the demurrer ordered "that Polly Ann Quickle *remain in the custody* of Vivian Kruse, Probation Officer for Juvenile Girls, and of Priscilla Haag, Case Worker for the Allen County Child Welfare Board, pending the ultimate disposition of this case" (emphasis added), and as the Juvenile Court had never ordered her placed in the custody of either of such persons at any time previous to such order, such order is a complete nullity in this respect. Such persons not having ever acquired lawful custody of Polly Ann Quickle she could not thereafter "remain" in their custody. The same may be said for the portion of the order of March 7, 1961, which provides that "said child to remain in the Allen County Children's Home during the pendency of this matter."

There being no legally effective order of the Juvenile Court upon which the Allen County Child Welfare Board, or any of the persons filing returns in this action, can base a claim for custody of Polly Ann Quickle, her custody by any of them is illegal and, for such reason, it must be, and hereby is, ordered that she be immediately released from their custody and returned to the custody of Howard Quickle, the petitioner herein.

*Judgment for petitioner.*

GUERNSEY, P. J., MIDDLETON and YOUNGER, JJ., concur.